IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA SWAIN, ) | |
| ) | |
| Plaintiff, ) | Case Number: 1:12-cv-00107-RLY-DKL |
| v. ) | |
| ) | |
| COVIDIEN INC., TYCO HEALTHCARE ) | |
| GROUP LP AND DR. CHRISTOPHER ) | |
| TOULOUKIAN, ) | |
| Defendants. ) | |
| ) | |

## DESIGNATION OF EVIDENCE IN OPPOSITION TO DR. TOULOUKIAN'S MOTION FOR SUMMARY JUDGMENT

Comes now Plaintiff, by counsel, Sheila M. Sullivan, and hereby designates the following evidence in opposition of Dr. Touloukian's Motion for Summary Judgment, which demonstrate the presence of a material question of fact with regard to the negligence of Dr. Touloukian:

1. The entire deposition testimony of Dr. Toulikian, submitted herewith as Exhibit A, in particular, the pages cited as follows:

**Pages 47line 25 through page 48 lines 1through 5:**

**25 The two ends were screwed together. The**
**1 circular stapler was fired. The stapler was**
**2 released in the standard fashion with the two**
**3 counterclockwise turns, and we attempted to**
**4 slide the stapler out of the rectum and we**
**5 could not**

**Page 48, lines 13 to 25**

**I tried a number of different maneuvers,**
**14 including refiring it to see if we had gotten**
**15 a complete, essentially, cutting of it, and**
**16 that didn't make any difference. Again we**
**17 tried it multiple different ways to try to get**
**18 it to release from the tissue, and it did not.**

19 And in the process of doing that, the
20 rectum -- or not the rectum, but the stump
21 tore, as we were trying to find a way of
22 releasing it. We pulled it out and at that
23 point a huge amount of feces poured out. And
24 we then made the decision to not try to put
25 her back together anymore.

**Page 85, lines 16-19:**

16 A. Yeah, I mean, exactly. We don't know if it
17 misfired, if it malfunctioned or any of those
18 things. THERE'S NO EVIDENCE THAT THAT'S THE
19 CASE.

**Page 86, lines 1-6:**

1 Q. I'm using the word "misfiring", which is not
2 the correct term. The fact that it wouldn't
3 release from her tissue, is that normal?
4 A. Well, it has never happened to me before and
5 I've never heard of it happening to anybody
6 else ever before.Page 86, lines 1-6:

2. Plaintiff's Second Amended Complaint filed herein.

                                                  Respectfully submitted,

                                                  FLYNN & SULLIVAN, PC

Dated: 9-8-14                        /s/ Sheila M. Sullivan
                                                    Sheila M. Sullivan
                                                    Attorney for Plaintiff Debra Swain
                                                    250 W. 103rd Street, Suite 150
                                                    Indianapolis, IN 46290
                                                    FLYNN & SULLIVAN, PC
                                                    Telephone: 317-660-4770
                                                   Facsimile: 317-660-4765
                                                   E-mail: sheila@fstrial.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 8TH day of September, 2014, a copy of the foregoing was delivered by electronic mail to the parties or counsel of record set forth below.

Mary M. Ruth Feldhake
BOSE McKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204 Mary M. Ruth Feldhake
mfeldhake@boselaw.com

Ty M. Craver
Elizabeth Anne Trachtman
HILL FULWIDER MCDOWELL
FUNK & MATTHEWS
One Indiana Square, Suite 2400
Indianapolis, IN 46204-2031
ty@hfmfmc.om

Niles S. Corson (*Pro Hac Vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

/s/   Sheila M. Sullivan

Sheila M. Sullivan
Attorney for Plaintiff Debra Swain
250 W. 103rd Street, Suite 150
Indianapolis, IN 46290