IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBRA SWAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 1:12-cv-00107-RLY-DKL |
| v. | ) | |
| | ) | |
| COVIDIEN INC., TYCO HEALTHCARE GROUP LP AND DR. CHRISTOPHER TOULOUKIAN, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN OPPOSITION TO DR. TOULOUKIAN'S MOTION FOR SUMMARY JUDGMENT**

**THE DOCTRINE OF RES IPSA LOQUITUR PROBIHITS SUMMARY JUDGMENT FOR DR. TOULOUKIAN EVEN WITH UNANIMOUS PANEL DECISION**

Dr. Touloukian is not entitled to summary judgment in this case even though he has designated a unanimous panel decision in his favor.  Pursuant to the doctrine of res ipsa loquitur, evidence establishing an accident will be sufficient to constitute a prima facie case of negligence by the Plaintiff Debra Swain in a case such as this, where it is shown that the means which produced the accident were under the exclusive control of the defendant Dr. Touloukian, and that the action was of such a character that it would not normally have occurred in the ordinary course of events. New York, C. & St. L. R. Co. v. Henderson, 237 Ind. 456, 146 N.E.2d 531 (1957) (*holding modified on other grounds* by, Shuamber v. Henderson, 579 N.E.2d 452 (Ind. 1991)); Baker v. Coca Cola Bottling Works of Gary, 132 Ind. App. 390, 177 N.E.2d 759 (1961). In this case, Dr. Touloukian's own testimony was that he was performing surgery on the Plaintiff Debra Swain.  He passed the circular stapler into Debra's body, fired the stapler, tried to release it from her tissue but could not.  He tried for a long time to release it and when he pulled it out he

tore open her rectum stump and a huge amount of feces entered her body cavity. When asked about this occurrence, his testimony established unequivocally that this was not a normal event that happened under ordinary circumstances and in fact he had never seen anything like it before.

Defendant Dr. Touloukian relies on the fact that he has a unanimous finding from the medical malpractice panel stating this his care in this case did not fall below the minimum standard. However, the doctrine of res ipsa loquitur does not depend upon a standard of care but in the facts of how the injury happened; they literally "speak for themselves". In a case where the defendant doctor had a unanimous panel decision after a patient was injured in a fire that ignited from the use of a piece of surgical equipment, he filed for summary judgment at the trial court level and his motion was denied even though the patient's estate did not designate any evidence in opposition to the summary judgment, relying only on res ipsa loquitur.. When he took his case up on appeal, the Court of Appeals affirmed the trial court, on the basis of res ipsa loquitur and stated as follows:

> Res ipsa loquitur literally means "the thing speaks for itself." Consequently, the facts or circumstances accompanying an injury may be such as to raise a presumption, or at least permit an inference, of negligence on the part of the defendant. The doctrine of res ipsa loquitur is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. *Vogler v. Dominguez,* 624 N.E.2d 56, 61 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* **Application of the doctrine does not in any way depend on the standard of care imposed by law but, rather, depends entirely upon the nature of the occurrence out of which the injury arose.** …The question of law is whether the plaintiff's evidence included all the underlying elements of res ipsa loquitur. We have previously held that"[u]nder the doctrine of res ipsa loquitur, negligence may be inferred where [1] the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants and [2] the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care."

*Cleary v. Manning*, 884 N.E.2d 335, 338-39 (Ind. Ct. App. 2008), citations omitted.

A plaintiff such as Debra Swain relying upon res ipsa loquitur may show that the event or occurrence was more probably the result of negligence by relying upon either common sense and experience **or** by expert testimony, making a reasonable showing that the injury was indeed one which would not ordinarily occur in the absence of proper care on the part of those who manage or maintain the instrumentality.  *Id*.  Common sense tells the Court that Debra Swain, an unconscious patient, was certainly not responsible for the stapler getting stuck in her tissue and the doctor pulling it out, ripping her open and causing injury.  The facts by themselves show that the negligence has to be in the hands of the defendants who controlled the device, either Dr. Touloukian or the manufacturer.

Under the doctrine of res ipsa loquitur, negligence may be inferred where 1) the injuring instrumentality is shown to be under the management or exclusive control of the defendant, and 2) the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care.  Debra Swain need not present expert opinion evidence in proving this because "the undisputed facts themselves create an inference of negligence such that the judge cannot say that the defendant must win as a matter of law, the contrary opinion of the medical review panel notwithstanding." *Ziobron v. Squires*, 907 N.E.2d 118, 125-26 (Ind. Ct. App. 2008) (citations omitted.)

In the present case, the facts designated in opposition to Dr. Touloukian's motion for summary judgment establish a question of fact with regard to negligence and state a prima facie case for res ipsa loquitur.  Defendant's motion should be denied.

                                            Respectfully submitted,

                                            FLYNN & SULLIVAN, PC

Dated: 9-8-14        /s/    Sheila M. Sullivan
                     Sheila M. Sullivan
                     Attorney for Plaintiff Debra Swain
                     250 W. 103rd Street, Suite 150
                     Indianapolis, IN 46290
                     FLYNN & SULLIVAN, PC
                     Telephone: 317-660-4770
                     Facsimile: 317-660-4765
                     E-mail: sheila@fstrial.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 8TH day of September, 2014, a copy of the foregoing was delivered by electronic mail to the parties or counsel of record set forth below.

Mary M. Ruth Feldhake
BOSE McKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204 Mary M. Ruth Feldhake
mfeldhake@boselaw.com

Ty M. Craver
Elizabeth Anne Trachtman
HILL FULWIDER MCDOWELL
FUNK & MATTHEWS
One Indiana Square, Suite 2400
Indianapolis, IN 46204-2031
ty@hfmfmc.om

Niles S. Corson (*Pro Hac Vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

                     /s/    Sheila M. Sullivan
Sheila M. Sullivan
Attorney for Plaintiff Debra Swain
250 W. 103rd Street, Suite 150
Indianapolis, IN 46290